# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RHODA DARLENE AUTRY, )
 )
      Plaintiff, )
 )
vs. ) Case No. 09-1329-EFM-DWB
 )
TOWNSMAN MOTEL, )
 )
      Defendant. )
 )

**ORDER ON IFP STATUS AND**
**APPLICATION FOR APPOINTMENT OF COUNSEL**

Plaintiff Rhoda Autry has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application), which includes an Affidavit of Financial Status. (Doc. 3, sealed.) She also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as her Complaint (Doc. 1), the Court is prepared to rule.

**I.**    **Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis*

when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 53 years old and divorced. (Doc. 3, sealed, at 2.) She also lists the name of one dependent living with her, but lists the ages of two such dependents, 13 and 38. (*Id*., at 3.) She also indicates her relationship to these dependents as "friends." (*Id*.) As such, the Court has serious doubts that these individuals are actually dependents. Regardless, she indicates she provides no financial support for these individuals (*id*.), so their existence is immaterial to the Court's analysis of Plaintiff's finances.

Plaintiff is currently unemployed and fails to provide the necessary information about past employment. (*Id*., at 4.) Based on her Complaint, however, the Court is able to determine that the Defendant is her prior employer. The incomplete financial affidavit leaves the Court without requested information

regarding the length of her employment, job title, take home pay, etc.

Plaintiff states that she owns one piece of real property, although the Court cannot decipher the address listed for the property (which includes no street name or zip code). She estimates that it has a modest value and indicates she owes "20.00," without stating to whom this amount is owed. She also states that she does not own an automobile, but apparently includes information regarding a vehicle she drives that is owned by her grandmother. (*Id.*, at 5.) She indicates little to no cash on hand. (*Id.*)

Plaintiff does not receive unemployment benefits, but does receive food stamps. (*Id.*) She also lists two modest amounts under "gifts or inheritances," although the Court cannot determine who the gifts are from. (*Id.*, at 6.) She lists several of the typical monthly expenses, including gas, electric, and telephone. She has no grocery expense because of food stamps and does not have a monthly mortgage/rent payment. (*Id.*) She also lists an amount of several hundred dollars owed to a "friend for helping me the past 3 mo." (*Id.*)

Considering all of the information contained in the financial affidavit, and given Plaintiff's lack of current income, her monthly expenses appear to exceed her monthly income by several hundreds of dollars a month. Although significant information has been omitted from the affidavit, the Court finds that given this

significant shortfall of income, Plaintiff has established that she is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**II.     Motion for Appointment of Counsel**

Plaintiff also has filed an Application for the Appointment of Counsel. (Doc. 3). The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

The Court does not dispute that Plaintiff has a limited ability to afford

4

counsel as the Court previously granted her application to proceed *in forma pauperis*. (*See* above.) She has not, however, engaged in a reasonable search for counsel. (Doc. 4.) Plaintiff's motion does not list **any** attorneys that she has contacted (Doc. 4), even though the form motion clearly requires that she contact at least six attorneys. Until Plaintiff has contacted at least six attorneys to discuss representation, and until she supplements her motion by identifying the attorneys who have been contacted, the Court will not entertain her motion for appointment of counsel. Her Motion for Appointment of Counsel (Doc. 4) is, therefore, **taken under advisement**. Plaintiff shall have until **January 25, 2010**, to contact the required number of attorneys and supplement her motion accordingly by identifying the details concerning the additional attorneys she has contacted. Failure to do so by this deadline will result in the Court denying Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**. The Clerk of Court is directed to issue summons to defendant at the address shown on the pleadings.

**IT IS FURTHER ORDERED** that Plaintiff's application for appointment of counsel (Doc. 4) is **taken under advisement** as discussed above.

A copy of this Memorandum and Order is to be mailed to Plaintiff by U.S. Mail.

Dated at Wichita, Kansas, on this 28th day of December, 2009.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge