# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RHODA DARLENE AUTRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-1329-EFM-DWB ) |
| TOWNSMAN MOTEL, | ) ) |
| Defendant. | ) ) |

## ORDER ON IFP STATUS AND
## APPLICATION FOR APPOINTMENT OF COUNSEL

Plaintiff Rhoda Autry previously filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application) (Doc. 3, sealed) and a Motion for Appointment of Counsel. (Doc. 4.) The Court entered an Order on December 28, 2009, granting Plaintiff's *IFP* request, but taking her request for counsel under advisement. (Doc. 5.) The Court found that Plaintiff had not "engaged in a reasonable search for counsel" and instructed her to contact "at least six attorneys to discuss representation . . ." (*Id*., at 4.) Plaintiff has since provided the Court with the requested supplemental information (Doc. 6), and the Court is now prepared to rule.

**A.     Factors to Consider in Appointing Counsel**.

As discussed in the Court's prior Order, the Tenth Circuit has identified four

factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

The Court previously recognized Plaintiff's limited ability to afford counsel. (Doc. 5, at 3-4.) Based on the supplemental information she has provided, the Court now also finds she has engaged in a reasonable search for counsel. (Doc. 6.) The analysis thus turns to the remaining *Castner* factors: the merits of Plaintiff's case and her capacity to represent herself.

**B.     The Merits of Plaintiff's Case**.

When a plaintiff appears *pro se*, a court construes his or her pleadings

2

liberally and judges them against a less stringent standard than pleadings drawn by attorneys. ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). This does not mean, however, that a court is to become an advocate for the *pro se* plaintiff. ***Hall***, 935 at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). A broad reading of a *pro se* plaintiff's Complaint does not relieve his or her burden to allege sufficient facts to provide the opposing party with fair notice of the basis of the claim or to allow the Court to conclude that the allegations, if proved, show the plaintiff is entitled to relief. ***Hall***, 935 F.2d at 1110; *see also* ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473 (10th Cir. 1989). Liberally construing a *pro se* plaintiff's Complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

In this case, Plaintiff completed the Civil Rights Complaint form provided by the Clerk of the Court, indicating that she was bringing the action for sexual

harassment in employment in violation of Title VII.[1]  (Doc. 1, at 1, 9.)  The form contains statements written by Plaintiff describing the manner in which she alleges to have been sexually discriminated against, including her contention that one of Defendant's owners engaged in an inappropriate touching of her.  (*Id*., at 3, 8.)

A liberal review of Plaintiff's Complaint reveals a pleading that provides Defendant with sufficient factual detail to respond.  It has also provided the Court with enough information to determine that Plaintiff's claims are not frivolous on their face, for the purposes of this motion.  In other words, if these allegations are proven, Plaintiff *may* be entitled to relief.  The fact that Plaintiff has contacted the requisite number of counsel about her case and none were willing to represent her does, however, suggest that the case may not be a strong one.

The Court also sees no jurisdictional deficiencies in Plaintiff's Complaint.  It is well settled that a plaintiff must exhaust her administrative remedies before bringing suit under Title VII.  ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th

---

[1]  On page 2 of her form Complaint, Plaintiff also checks a box under the heading "[i]f you are claiming **age discrimination**, check one of the following." (Doc. 1, at 2 (emphasis in original).)  On the first page of her Complaint, however, Plaintiff does not check the box indicating that she is bringing a claim under the Age Discrimination in Employment Act, 29 U.S.C. 621, *et seq*.  She also does not indicate that she is bringing an age discrimination claim elsewhere in the Complaint, again failing to check that box and to state her age. (*See* Doc. 1, at 3.)  Finally, the Complaint does not include any factual statements from Plaintiff that would constitute or even infer age discrimination and/or age harassment.  As such, the Court surmises that Plaintiff intends to bring only a claim for sexual harassment.

4

Cir.1997). Plaintiff's Complaint does not include any attached paperwork from the Equal Employment Opportunity Commission or the Kansas Human Rights Commission. It does, however, state that she filed a charge of discrimination with the EEOC and received a right to sue letter. (Doc. 1, at 8, 10.) The Court will, for the purposes of this motion, assume both of those statements to be true. The third *Castner* factor thus weighs in Plaintiff's behalf. This brings the Court to the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *See* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). In addition, Plaintiff apparently did a capable job of navigating the procedure for filing an administrative complaint with the EEOC. She also filed her federal court Complaint in a timely manner and included sufficient factual detail. (*See generally*, Doc. 1.) The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to her

case.  Although Plaintiff is not trained as an attorney, and while an attorney might present her case more effectively, this fact alone does not warrant appointment of counsel.  Further, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day.  As such, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice to renewal later in these proceedings if Plaintiff can provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED without prejudice** as discussed above.

A copy of this Memorandum and Order is to be mailed to Plaintiff by U.S. Mail.

Dated at Wichita, Kansas, on this 27th day of January, 2010.

    s/ DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge