# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RHODA DARLENE AUTRY,

*Plaintiff*,

vs.                                                          Case No. 09-1329-EFM

TOWNSMAN MOTEL,

*Defendant.*

## MEMORANDUM AND ORDER

In this action brought pursuant to Title VII of the Civil Rights Act of 1964,[1] *pro se* Plaintiff

Rhoda Darlene Autry alleges claims of sexual harassment against Defendant Townsman Motel.  In

her Complaint, Plaintiff alleges that while employed by Defendant, she was informed by co-workers

that an individual, referred to as "he" and "him," consistently engaged in sexual conduct while she

had her back turned to him.  Plaintiff further claims that on another occasion, one of the owners of

Defendant grabbed and hugged her and put his hand on her head without her consent in a hallway

outside the motel room in which she was residing.  Defendant now moves the Court to dismiss

Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and (7).  Plaintiff has not responded to

Defendant's motions.[2]  For the following reasons, the Court denies Defendant's motions.

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] A *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.  *Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se*

# ANALYSIS

Defendant asserts that because Plaintiff failed to identify in her Complaint the person who she claims sexually harassed her, it should be dismissed. Defendant contends, without explanation, that the person committing the sexual harassment is an indispensable party, and because this person has not been joined as a defendant in this case, the Complaint must be dismissed. Defendant also argues that Plaintiff fails to state a claim upon which relief can be granted, reasoning that because Plaintiff failed to name the person who discriminated against her or subjected her to sexual harassment, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). We address each in turn.

### *Indispensable Party*

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary and indispensable party under Fed. R. Civ. P. 19. "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence."[3] The defendant may meet its burden by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence."[4]

---

cases for failure to comply with the rules)). When a party fails to timely file a response, the Court will consider and decide the motion as an uncontested motion, and ordinarily, will grant the motion without further notice. D. Kan. R. 7.4(b). Although the Court may move forward without waiting for a plaintiff's response, the lack of a response alone is not enough for the Court to grant a motion to dismiss. *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Instead, the Court "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

[3]*Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

[4]*Id.*

To determine whether a party is indispensable under Rule 19(b), the Court applies a three part test.[5]  The Court first determines whether the absent party is necessary.[6]

> A person is necessary if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.[7]

Next, if the absent party is necessary, the Court must determine whether joinder is "feasible."[8]  The final step, if joinder is not feasible, is to determine whether in "equity and good conscience" the action can continue without the indispensable party.[9]

In sum, Rule 19 provides that a necessary party should be joined to the action, but dismissal is not contemplated unless joinder is not feasible.  Defendant contends that the person who allegedly committed the sexual harassment is an indispensable and necessary party, but Defendant has failed to provide the Court with any evidence, either by affidavit or through other extra-pleading evidence, from which the Court might base its decision.  Consequently, Defendant has failed to meet its burden of demonstrating why one of Defendant's owners is a necessary and indispensable party under Rule 19.[10]  Therefore, Defendant's motion is denied.

---

[5]*Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

[6]*Id.*

[7]*Id.* (citing Fed. R. Civ. P. 19(a); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999)).

[8]*Id.* (citing Fed. R. Civ. P. 19(a)-(b)).

[9]*Id.*

[10]Reading the Complaint as a whole, Plaintiff identifies the person responsible for the alleged sexual harassment as one of the owners of Defendant.  While Defendant argues that the Townsend Motel is not a legal entity or person, and that Defendant's present owners were not the owners of the motel when the alleged incident occurred, Defendant has

On February 11, 2010, Defendant filed a duplicate Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7).[11] The Court denies this motion as moot.

### *Failure to State a Claim*

Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief can be granted. In doing so, Defendant relies on the same argument as in its Rule 12(b)(7) motion. In addition, Defendant appears to assert that because the current owners of the motel had no interest in the motel or its employees at the time of the alleged harassment, Plaintiff has no claim against the current owners.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[12] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[13] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[14]

---

provided the Court with no evidence to support those statements to permit the Court to find it its favor.

[11] Doc. 10.

[12] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[13] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[14] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

In determining whether a claim is facially plausible, the Court must draw on its judicial experience and common sense.[15] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[16] Allegations that merely state legal conclusions, however, need not be accepted as true.[17]

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, "it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant."[19] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[20]

Construing Plaintiff's Complaint liberally, as we must, we conclude that Plaintiff has sufficiently stated her claim against Defendant so as to withstand its Rule 12(b)(6) motion to dismiss. Plaintiff alleges that one of the owners of Defendant sexually harassed her by grabbing and hugging her while also placing his hand on her head.[21] While Defendant contends that the current owners are different from the motel's owners at the time of the alleged incident, such argument is

---

[15]*Iqbal*, 129 S.Ct. at 1950.

[16]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[17]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18]*Id.*

[19]*Id.*

[20]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[21]Although Plaintiff refers to the person who allegedly committed the sexual harassment using pronouns, Plaintiff later references the "he" as one of the motel's owners. Reading the Complaint liberally and as a whole, we conclude that this reference, at least at this stage of the litigation, is sufficient to state her claim.

more appropriate for summary judgment rather than a motion to dismiss. Although this argument may have some merit, it would require that the Court look to evidence outside the pleadings, which is inappropriate in a motion to dismiss under Rule 12. Generally, "when matters outside the pleadings are presented to and not excluded by the court [in deciding a motion under Rule 12(b)(6)], the motion must be treated as one for summary judgment under Rule 56."[22] There is an exception to this rule, however. The trial court may take judicial notice of publicly-available court documents and matters of public record without converting a motion to dismiss for failure to state a claim into a motion for summary judgment, so long as those facts are not in dispute.[23] Defendant, however, has provided no such publicly-available court documents or documents of public record in support of its arguments. In fact, there is no evidence before the Court to consider with regard to Defendant's arguments. Thus, based on Plaintiff's allegations and for purposes of this motion, we conclude that Plaintiff has stated a claim for relief which is plausible on its face. Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7) (Doc. 9) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7) (Doc. 10) is hereby DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 11) is hereby DENIED.

---

[22]Fed. R. Civ. P. 12(d).

[23]*See Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008); *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

**IT IS SO ORDERED.**

Dated this 9th day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE