## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RHONDA DARLENE AUTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-1329-EFM-DWB |
| ) | |
| TOWNSMAN MOTEL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Amended Motion to Amend (Doc. 22)¹, seeking permission to add (to her federal court claims for sexual harassment and discrimination) state law claims for battery, negligence, and violation of the KWPA. (*See generally* Doc. 22-1.) She is also seeking to add additional Defendants to the Complaint. (*Id.*; *see also*, Doc. 23, at 2.) After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

Plaintiff represented herself *pro se* at the time her original Complaint was filed. In that original Complaint, Plaintiff brought claims of sexual harassment and

---

¹ Also pending before the Court is Plaintiff's Motion to Amend (Doc. 20), which the Amended Motion to Amend has replaced. As such, Plaintiff's Motion to Amend (Doc. 20) is found to be **MOOT** and this Order will focus on the Amended Motion (Doc. 22).

discrimination against the Townsman Motel as the only named Defendant. Magistrate Bostwick initially took Plaintiff's request for counsel under advisement because she had not been diligent in her search for legal representation. (Doc. 5.) Following Plaintiff's attempts to contact additional attorneys, Judge Bostwick denied the request, without prejudice to renewal if Plaintiff was able to provide the Court with sufficient showing of special circumstances to warrant the appointment of counsel. (Doc. 7, at 6.) The undersigned Magistrate subsequently appointed counsel following a status conference at which it "became clear" that Plaintiff lacked the legal knowledge to determine the proper Defendants to name in the case. (Doc. 14, at 3.) The undersigned then appointed counsel for the limited purpose of determining whether "some or all of Plaintiff's claims have sufficient merit and are viable" and to assist in drafting an amended Complaint, "if necessary." (*Id.*, at 3.)

After meeting with Plaintiff and evaluating her original Complaint, appointed counsel has determined that "additional Defendants should be added to the Complaint" pursuant to Fed.R.Civ.P. 15. (Doc. 23, at 2.) Plaintiff now requests an Order allowing her to amend her Complaint "to remove the current Defendant (Townsman Motel, a non-legal entity), and add as Defendants Dulip C. Patel, Smita D. Patel, Pradrip Patel, former owners of Townsman Motel, and Shree

Umiya, LLC, current owner of Townsman Motel," as well as the state law causes of action. (*Id.*, at 3.) It is uncontroverted for purposes of this motion that the Townsman Motel was previously owned by a partnership consisting of Dulip, Smita, and Pradrip Patel, who ultimately sold it to Shree Umiya, L.L.C.

## DISCUSSION

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); **Frank v. U.S. West, Inc**., 3 F.3d 1357, 1365 (10th Cir. 1993). A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

Plaintiff's original Complaint (Doc. 1) was filed on October 22, 2009. Because this is almost two years ago, Fed.R.Civ.P. 4(m) relating to the 120 day

time limit for service is implicated. Plaintiff contends that Fed.R.Civ.P. 15 allows her to amend her Complaint to change the named Defendants as the amendment would relate back to the date of the original Complaint. Fed.R.Civ.P. 15 (c)(1) states that

> An amendment to a pleading relates back to the date of the original pleading when:
>
>    (A)   the law that provides the applicable statute of limitations allows relation back;
>
>    (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
>    ©   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>        (I)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>        (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*See* Rule 15(c)(1); *see also* **Loveall v. Employer Health Servs., Inc.**, 196 F.R.D. 399, 403 (D. Kan. 2000).

Plaintiff, now represented by counsel, argues that the proposed Amended Complaint "arises from the same set of acts" contained in her original *pro se* Complaint, which "alleges employment discrimination based on the acts of a manager at Townsman Motel and her not being paid her wages after she complained." (Doc. 23, at 4.) She also argues that the proposed new Defendants "received notice of the suit within the time for service of the summons and complaint" and will not be prejudiced. (*Id.*, at 5-6.) According to Plaintiff, Dulip Pate, Smita Patel, Pradrip Patel and Shree Umiya, L.L.C. all received notification of the Complaint within the required period. (*Id.*, at 6.) Plaintiff contends she informed Dulip and Smita of her intent to file suit prior to filing her administrative charges of discrimination. (*Id.*) She also contends to have spoken with Dulip about the lawsuit within 120 days after her Complaint was filed. (*Id.*) Plaintiff next alleges that Shree Umiya owned the motel on the date it was served with notice of the Complaint and subsequently filed a Motion to Dismiss on February 10, 2010; as such, according to Plaintiff, Shree Umiya also had notice within the 120 day time frame.[2] (*Id.*)

---

[2] Plaintiff's original Complaint was filed on October 22, 2009 – approximately 110 days before the February 10, 2010 Motion to Dismiss was filed by Katen Patel, "owner of Shree Umiya, LLC d/b/a The Townsman Motel." (Doc. 9.)

Plaintiff argues that she "mistakenly omitted or misnamed" the correct Defendant(s). (*Id*., at 7.) As such, she argues the Court can "excuse the mistake" and that the Amended Complaint should relate back. (*Id*., citing **Loveall v. Employer Health Serv., Inc.**, 196 F.R.D. 399, 403-04 (D. Kan. 2000), **Prime Care of Northeast Kansas, LLC v. Blue Cross & Blue Shield of Kansas City, Inc**., 2006 U.S. Dist. Lexis 69050 (D. Kan. Sept. 25, 2006).

While the pleadings of a *pro se* litigant are to be construed liberally and held to a less stringent standard than formal pleadings drafted by attorneys, this does not mean, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). The broad reading of a plaintiff's complaint does not relieve the burden of alleging sufficient facts to give the opposing party fair notice of the basis of the claim against it so that it may respond or to allow the court to conclude that the allegations, if proved, show plaintiff is entitled to relief. **Hall**, 935 F.2d at 1110; *see also* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473 (10th Cir. 1989). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

6

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Defendant argues that the proposed amendment is futile because Plaintiff did not file an administrative charge of discrimination against Shree Umiya, L.L.C. or any of its owners. (Doc. 24, at 2.)  As such, the Court must also determine whether it could withstand a motion to dismiss.  In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009); *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (2007). "We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]." *Dias*, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
>
> \* \* \* \*
>
> In reviewing a motion to dismiss, it is important to note "Federal Rule of Civil Procedure 8(a)(2) provides

that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Robbins v. Oklahoma*, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we "generally embraced a liberal construction of [this] pleading requirement," and held "a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings...." Id. However, the Supreme Court has recently "clarified" this standard, stating that "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' " Id. at 1247 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins, 519 F.3d at 1247. Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." Smith, 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247 (*quoting Twombly*, 550 U.S. at 556).

On the other hand, we have also held "granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias*, 567 F.3d at 1178 (quotation marks and citation omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' " Id. *(quoting Twombly,* 550 U.S. at 556).

In discussing the sufficiency of a complaint's

> allegations, we look to two Supreme Court decisions, *Twombly* and *Iqbal*, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

*Phillips v. Bell*, No. 08-1042, 2010 WL 517629, * 3,4 (10th Cir., 2010).  The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. *Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

Defendant argues that adding Shree Umiya, L.L.C. is futile "because any claim against that entity is time barred and . . . liability cannot be shifted from the former owners to a successor in title" until Plaintiff establishes certain factors, which she cannot do. (Doc. 24, at 3.) Defendant continues that Plaintiff has failed to provide "a factual basis to support an argument that Shree Umiya, L.L.C. knew, or could have known of an 'imminent or even possible' claim of sexual discrimination" by Plaintiff. (Doc. 24, at 2-3.) Plaintiff contends that the successor issue involves the determination of factual issues that should be addressed after the amendment is allowed. (Doc. 25, at 5.) She further argues that her *pro se* EEOC/KHRC charge of discrimination "exhausted her administrative remedies because her administrative complaint sufficiently identified that she was making a claim against the entity that owned the Townsman Motel." (*Id.*, at 3.)

9

Both Plaintiff and Shree Umiya rely on the case of ***Romero v. Union Pac. R.R.*** on the issue of whether or not the new Defendants were properly encompassed by Plaintiff's EEOC charge of discrimination even though they were not specifically named. The ***Romero*** Court held:

> Although this court has not previously addressed the issue, we are inclined to agree that omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII. Four factors are listed in ***Glus*** as pertinent to an evaluation of the failure to name a party before the EEOC:
>
>> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

615 F.2d 1303, 1311-12 (citing ***Glus v. G.C. Murphy Co.***, 562 F.2d 880, 888 (3rd Cir. 1977).)

Plaintiff contends that because her charge identified "Townsman Hotel and its representatives," she established "a 'sufficient identity of interest' between the

10

unnamed defendant and the named party 'to satisfy the intention of Title VII that the defendant have notice of the charge.'" (Doc. 25, at 4 (citing **Romero**, 615 F.2d at 1311).) Further, Plaintiff contends that the charge "identifies the address as the same address where successors operate their business" and that the motel was owned by Shree Umiya on March 18, 2009, despite attestations from successor's counsel to the contrary. (Doc. 25, at 4.) Shree Umiya argues that none of the four factors enumerated in **Romero**, above, can be established by Plaintiff. (Doc. 26, at 3-4.)

In the Court's opinion, there are obvious questions of fact that must be addressed in order to determine whether Plaintiff can establish the four **Romero** factors. For instance, what were the potential Defendants (including Shree Umiya) aware of at the time of Plaintiff's administrative charge, at the time the response to the charge was filed, and/or when Plaintiff filed her Complaint. The existence of such factual questions indicates this matter is ripe for discovery – and makes the relevant analysis more appropriate for summary judgment than in the context of the present motion. Further, such a finding comports with the District Court's previous ruling denying the various Motions to Dismiss (*see* Doc. 12, at 5-6) as well as this Court's Order on Limited Appointment of Counsel. (Doc. 14.) As a result, Plaintiff's Motion to Amend (Doc. 22) is **GRANTED**. Plaintiff shall file

her Amended Complaint in the form attached to her Amended Motion on or before December 1, 2011.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 17th day of November, 2011.

          S/ KENNETH G. GALE
          Kenneth G. Gale
          United States Magistrate Judge